IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

AARON FLEMONS                                                                    PETITIONER
ADC # 119749


V.                              CASE NO. 5:17-CV-00224-BRW-JTK


WENDY KELLEY, Director
Arkansas Department of Correction                                          RESPONDENT


## PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Court Judge Billy Roy Wilson, Jr. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.     Why the record made before the Magistrate Judge is inadequate.

2.     Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.     The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

## **DISPOSITION**

For the reasons explained below, it is recommended that Petitioner's Petition for Writ of Habeas Corpus (DE #2) be DISMISSED with prejudice.

### Procedural History

On June 19, 2012, Petitioner was convicted in the Sebastian County Circuit Court, (Case No. CR-2011-987) of fleeing apprehension and leaving the scene of a personal injury accident ("the fleeing case"). (DE #6-2) The state court sentenced Petitioner to 360 months in the Arkansas Department of Correction. The court ordered this sentence to run consecutive to a 552 months sentence imposed by the same court on April 3, 2012, for multiple drug related offenses (three counts of delivery of cocaine, Case Nos. CR-2011-

491, CR-2011-493, and CR-2011-494, and delivery of a counterfeit substance, Case No. CR-2011-977 ("the drug cases")).

The 2011 convictions noted above also resulted in the revocation of Petitioner's suspended sentences in Sebastian County Circuit Court Case No. CR-2000-827, possession of cocaine with intent to deliver, and Case No. CR-2008-1404, third degree battery ("the revocation cases"). On December 9, 2016, Petitioner filed a federal habeas corpus petition challenging the revocation cases. *See Flemons v. Kelley,* Case No. 5:16-cv-00365-BRW ("Flemons I"). On February 1, 2018, Petitioner's case was dismissed with prejudice. *Id.* at DE #37. The drug cases were challenged in a separate habeas petition filed on July 21, 2017. *See Flemons v. Kelley*, Case No. 5:17-cv-00187 BRW ("Flemons II"). On November 30, 2018, Flemons II was dismissed with prejudice. *Id.* at DE #25. Petitioner then filed this third federal habeas petition ("Flemons III") on August 24, 2017, challenging the fleeing case. Common to all three petitions is the challenge to the "global plea offer" that Petitioner did not accept.

Petitioner filed a direct appeal of his convictions. In appealing the fleeing case, he argued there was insufficient evidence to support his convictions. (DE #6-3) On May 1, 2013, the Arkansas Court of Appeals affirmed the conviction. *Flemons v. State*, 2013 Ark. App. 280. (DE #6-4)

Petitioner filed his petition for post-conviction relief pursuant to Arkansas Rule of Criminal Procedure 37.1 on July 15, 2013, (DE #6-5), and he amended the petition on November 15, 2013. (DE #6-6) Because Petitioner also sought Rule 37 relief in the drug cases, the trial court held a consolidated hearing on all matters and denied relief on March

6, 2014.  (DE #6-7) Petitioner appealed the denial of Rule 37 relief to the Arkansas Supreme Court.  On appeal, Petitioner made the following arguments in support of his Rule 37.1 petition: (1) trial court erred in denying his motion for continuance of the Rule 37 hearing; (2) trial court erred in denying his motion for appointment of counsel; (3) trial court erred by denying his motion for trial transcripts; (4) trial court erred by not finding ineffective assistance of counsel because he was prevented from a proper investigation of the claims raised in his Rule 37 petitions without the assistance of counsel; (5) he received ineffective assistance of counsel when his trial counsel failed to investigate the search procedures used on the confidential informant ("CI"); (6) he received ineffective assistance of counsel for his trial counsel's failure to raise an entrapment defense; (7) trial court erred "in regard to Ground 14;" (8) trial counsel was ineffective for failing to object to Petitioner appearing before the jury in restraints; (9) trial counsel was ineffective for failure to request a curative instruction regarding the restraints; (10) in the fleeing case, trial counsel was ineffective for failing to investigate a defense based on his mental health; (11) in the fleeing case, trial counsel was ineffective for failing to put on mitigating evidence at sentencing; and (12) Petitioner's appellate counsel, in the fleeing case, was ineffective for failing to challenge the sufficiency of the evidence on appeal.  (DE #9-13) The Arkansas Supreme Court affirmed the denial of post-conviction relief on December 15, 2016.  *Flemons v. State*, 2016 Ark. 460.

On August 24, 2017, Petitioner timely filed a petition for writ of habeas corpus (DE #2), pursuant to 28 U.S.C. § 2254, claiming ineffective assistance of counsel for the failure to do the following:

1. effectively communicate the state's "global plea offer";

2. investigate and suppress the identification evidence;

3. adequately consult and inform him on important issues and decisions pertinent to his defense;

4. make a proper directed-verdict motion and to preserve issues on appeal;

5. investigate and hire an expert witness to testify and/or counter the prosecution's theory of the case regarding the car crash;

6. investigate his mental and emotional competency;

7. present mitigating evidence at sentencing; and

8. cumulative error.

Respondent filed her response on October 2, 2017, admitting that the Petitioner is in her custody and there are currently no non-futile state remedies available to him. Respondent denies, however, that Petitioner is entitled to a hearing in this Court or to habeas corpus relief. Instead, Respondent maintains that Petitioner's federal habeas petition should be dismissed because his claims are procedurally defaulted, or alternatively, meritless.

<u>Discussion</u>

I.    Claims Not Raised in State Court

Before seeking federal habeas review, a state prisoner must fairly present the substance of each claim to each appropriate state court, thereby alerting those courts to the federal nature of his claims and giving them an opportunity to pass upon and correct any constitutional errors. *Baldwin v. Reese*, 541 U.S. 27, 29 (2004); *see also* 28 U.S.C. §2254(b) and (c). A habeas petitioner who cannot present his federal claims in state court

due to untimeliness or some other state procedural hurdle meets the technical requirements for exhaustion because there are no longer any state remedies that are available to him. *Grass v. Reitz*, 643 F.3d 579, 584 (8th Cir. 2011) (citing *Coleman v. Thompson*, 501 U.S. 722, 732 (1991)). "However, that petitioner's procedural default may constitute an 'independent and adequate state ground' barring federal habeas relief absent a showing of either cause or prejudice or actual innocence." *Id.* (internal citations omitted). "[W]e ask not only whether a prisoner has exhausted his state remedies, but also whether he has *properly* exhausted those remedies, i.e., whether he has fairly presented his claims to the state courts." *O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999). To meet this fair presentation requirement, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *Id.* at 845. "A failure to exhaust remedies properly in accordance with state procedure results in procedural default of the prisoner's claims." *Welch v. Lund*, 616 F.3d 756, 758 (8th Cir. 2010) (citing *O'Sullivan*, 526 U.S. at 848).

A. *Counsel's failure to properly communicate the State's "global plea offer"*

Petitioner argues that his trial counsel was ineffective for "misinforming" him of the effects of his guilty plea, claiming counsel informed him he would be subject to serving all of his twenty-five-year sentence if he pled guilty. (DE #2) He asserts that but for counsel's ineffective assistance of counsel he would have accepted the global plea offer. This claim, however, was not raised in the Rule 37 petition, or the appeal thereof, in conjunction with Petitioner's convictions that he is challenging in the pending petition. Accordingly, Petitioner's claim is procedurally defaulted unless an exception applies.

The doctrine barring procedurally defaulted claims is not without exception. Under *Martinez*, Petitioner may establish cause to excuse default of some of his ineffective assistance of counsel claims because he lacked appointed counsel during the initial-review collateral proceeding. To utilize this exception, however, Petitioner must first demonstrate that his defaulted ineffective assistance of counsel claims have "some merit." *Martinez*, 132 S.Ct. at 1318. A procedural default does not bar a "substantial claim of ineffective assistance of trial counsel if, in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective." *Id.* at 1320. A "substantial claim" does not include claims that are without merit or "wholly without factual support." *Id.* at 1319. This exception only applies to ineffective assistance of trial counsel claims and is not extended to ineffective assistance of appellate counsel claims. *Dansby v. Hobbs*, 766 F.3d 809, 833 (8th Cir. 2014) (pet. for cert. filed, No. 14-8782, March 10, 2015).

In *Strickland v. Washington*, 466 U.S. 668 (1984), the United States Supreme Court articulated the two-part standard for analyzing claims that a criminal defendant's counsel was constitutionally ineffective: first, whether the attorney's conduct was professionally unreasonable under the circumstances; and second, whether the attorneys conduct prejudiced the defendant's defense. *Id.* at 688. An attorney's performance is deficient when it falls below "an objective standard of reasonableness." *Id*. In the context of plea negotiations, a defendant is prejudiced by inferior performance of counsel if it can be shown that "the outcome of the plea process would have been different with competent advice." *Lafler v. Cooper*, 566 U.S. 156, 163 (2012). When a plea is rejected and trial ensues, "a defendant must show that but for the ineffective advice of counsel there is a

7

reasonable probability that the plea offer would have been presented to the court (*i.e.*, that the court would have accepted its terms, and that the conviction or sentence, or both, under the offer's terms would have been less severe than under the judgment and sentence that in fact were imposed)." *Id.* at 164.

Petitioner unsuccessfully raised this "global plea offer" claim in a separate Rule 37 petition challenging the proceedings which led to the revocation of a suspended sentence and also appealed such claim to the Arkansas Supreme Court. During the Rule 37 hearing on the revocation cases, the trial judge, after much testimony, stated "[y]ou asked [defense counsel] to try to get you a plea agreement without having to plea to [the battery charges]. All the testimony from every witness so far is that she tried to do that, and the prosecutor refused." *See Flemons v. Kelley*, Case No. 5:16-cv-00365-BRW (DE #13-8 at pg. 126). The trial court later reiterated that defense counsel "on multiple occasions tried to get the State to [drop the battery charges] and they wouldn't." *Id.* at 161.

Petitioner refused to plea to the battery charges based on information that his wife would recant her allegation of his battery of her and the other victim not showing up for court. *See id.* Counsel testified at the Rule 37 hearing that she explained the offer to Petitioner who rejected it and counteroffered with a plea that the prosecutor rejected. *See Plunk v. Hobbs*, 766 F.3d 760, 765 (8th Cir. 2014) (petitioner not prejudiced by negotiations because he refused to take any plea deal that involved pleading guilty to attempted murder). Given these circumstances, Petitioner has not proven that counsel's performance was deficient under *Strickland* or that he was prejudiced. He had no intentions to plead guilty to battery in the first place. Furthermore, because the claim has no merit, it

cannot be considered "substantial," and therefore, the procedural default of the claim is not excused by *Martinez*.

B. *Counsel's failure to challenge identification evidence*

Petitioner alleges counsel failed to challenge the identification evidence introduced at trial that he was the driver who fled and subsequently was involved in a hit and run accident. Specifically, Petitioner argues counsel "refused to provide the defense requested...failed to move to exclude the identification evidence as being unreliable and failed to present evidence to support such a motion." (DE #2, pg. 19) Counsel did not make a motion to exclude testimony, but she did cross examine Arkansas State Police Officer Dwight Lee about his identification of Petitioner as the driver of the vehicle that fled and subsequently was involved in an accident. As Respondent notes, unless there is an allegation of a constitutional violation in an eyewitness identification procedure, "the reliability of eyewitness identification of a defendant is a question for the jury." *Phillips v. State*, 344 Ark. 453, 458, 40 S.W.3d 778, 781 (2001). Counsel's failure to raise a meritless claim at trial does not constitute ineffective assistance. *See Thai v. Mapes*, 412 F.3d 970, 978 (8th Cir. 2005) (state court did not make a determination that was contrary to or an unreasonable application of federal law as determined by the Supreme Court when the state court dismissed the petitioner's claim for ineffective assistance of counsel because petitioner could not show that his counsel performed deficiently by failing to raise a meritless argument). Furthermore, since it is not a "substantial" claim, the procedural default is not excused by *Martinez*.

C. *Counsel's failure to consult him during trial*

In claim three, Petitioner generally asserts that counsel failed to fully inform him on important issues and decisions regarding his defense.  Specifically, he claims counsel did not spend enough time with him discussing pretrial motions, discovery developments or trial strategy but instead "single handedly 'threw together'" a defense of mistaken identity without having any support or input from him.  (DE #2, pg. 23) He notes that, had counsel spent more time with him, counsel "would have become convinced that Petitioner suffered from significant mental and emotional dysfunction[.]" *Id.* at 24.[1]

Petitioner attached to his petition some medical reports that show previous diagnoses of cannabis abuse, major depressive disorder, intermittent explosive disorder, and antisocial personality disorder.  (DE #2, pp. 48-60) He does not, however, refer to these records or indicate how they would have aided in his defense.  It is not enough for a petitioner to simply assert that he had a history of mental illness, *see Hayes v. United States*, 305 F.2d 540, 543 (8th Cir. 1962).  He must allege sufficient facts to support the claims

---

[1] Embedded in this claim is also a mention of him not taking the stand or being allowed to testify.  The evidence shows, however, that Petitioner refused to testify because he was shackled.  Counsels tried to persuade Petitioner to change into civilian clothes, and the judge tried to persuade him to change into civilian clothes, but he refused, and the trial court explained to him that his refusal was considered a waiver and a decision to appear as is before the jury.  The trial court also agreed to provide an instruction to the jury that both Petitioner's clothing and restraints were to be disregarded during deliberations.   In affirming the trial court's decision that Petitioner had failed to demonstrate prejudice, the court noted a defendant cannot be allowed to abort a trial and frustrate the process of justice by his own acts, and that counsel's failure to seek the cautionary jury instruction to include an admonition about the restraints was not fatal.  The state appellate court reasonably applied *Strickland*.

advanced, and conclusory or non-specific factual allegations will not save a claim. *See Delgado v. United States*, 162 F.3d 981, 983 (8th Cir. 1998). Petitioner's claim, therefore, lacks merit and counsel cannot be ineffective for not raising a meritless claim. Moreover, trial counsel testified at the Rule 37 hearing that she had no reason or justification for filing a motion for a mental evaluation based on her observations and the information provided to her. *See Flemons v. Kelley*, Case No. 5:16-cv-00365 BRW, DE #13-8, pp. 144-145, 151-152). Thus, the claim is without factual support under *Martinez*.

D. *Failure to investigate and hire an expert witness*

This claim was also raised for the first time in the pending habeas petition; therefore, it is procedurally defaulted. "[T]o prevail on an ineffective assistance claim based on counsel's failure to call a witness, [lay or expert], the petitioner must name the witness, demonstrate that the witness was available to testify and would have done so, set out the content of the witness's proposed testimony, and show that the testimony would have been favorable to a particular defense." *Day v. Quarterman*, 566 F.3d 527, 538 (5th Cir. 2009). "A claim of ineffective assistance based on the failure to consult and call an expert requires 'evidence of what a scientific expert would have stated' at trial in order to establish *Strickland* prejudice." *Rodela-Aguilar v. United States*, 596 F.3d 457, 462 (8th Cir. 2010) (quoting *Day v. Quarterman*, 566 F.3d at 538; *Delgado v. United States*, 162 F.3d 981, 983 (8th Cir. 1998)).

Petitioner cannot offer any evidence to support the claim or the necessity for an expert given the substantial evidence presented at trial; thus, the claim is plainly meritless. Because the claim lacks merit, procedural default cannot be excused under *Martinez*.

II.    Claims Addressed by the Arkansas Supreme Court

   A. *Counsel was ineffective due to her failure to make a proper directed-verdict motion and to preserve issues on appeal*

Petitioner properly raised this issue on appeal, and the Arkansas Supreme Court addressed it on the merits; therefore, Petitioner must show that the decision was "contrary to, or involved an unreasonable application of, clearly established Federal law." 28 U.S.C. § 2254(d)(1). A state court's decision is contrary to clearly established Supreme Court precedent when it is opposite to the Court's conclusion on a question of law or decided differently than the Court on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000). A state court's determination is an unreasonable application of Supreme Court precedent if it unreasonably refuses to extend a legal principle to a new context where it should apply. *Carter v. Kemna*, 255 F.3d 589, 592 (8th Cir. 2001) (citing *Williams*, 529 U.S. at 407). "Federal habeas relief is warranted only when the refusal was 'objectively unreasonable,' not when it was merely erroneous or incorrect." *Id*. (quoting *Williams*, 529 U.S. at 410-11).

In *Strickland v. Washington*, 466 U.S. 668 (1984), the United States Supreme Court articulated the two-part standard for analyzing claims that a criminal defendant's counsel was constitutionally ineffective: first, whether the attorney's conduct was professionally unreasonable under the circumstances; and second, whether the attorneys conduct prejudiced the defendant's defense. *Id.* at 688. An attorney's performance is deficient when it falls below "an objective standard of reasonableness." *Id*. The defendant is prejudiced by the inferior performance if "there is a reasonable probability that, but for

counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.

Petitioner contends that his counsel was ineffective in failing to properly challenge the sufficiency of the evidence via a directed verdict motion at trial and on appeal. (DE #2, pg. 48) At trial, the argument concerning the fleeing charges was that there was insufficient evidence the driver of the vehicle knew that his apprehension was imminent. In the direct appeal, the argument was there was not sufficient evidence that Petitioner drove the car. The Arkansas Court of Appeals determined the sufficiency argument was only preserved for his conviction for leaving the scene of a personal-injury accident because he did not challenge his identity in the directed verdict motion for fleeing charge at trial. The issue was raised in the Rule 37 petition, which was denied, and addressed on appeal by the Arkansas Supreme Court who noted:

> Flemons is correct that the trial court erroneously found the court of appeals had disposed of that argument on appeal.
>
> Nevertheless, the trial court was not clearly erroneous to deny postconviction relief on this claim. We will affirm a trial court's decision if it reached the right result albeit for the wrong reason. Counsel is not ineffective for failing to make a motion or argument that is without merit. Had appellate counsel raised the challenge to the sufficiency of the evidence that had been raised at trial, the challenge would have failed.
>
> The testimony at trial was that three officers were conducting a sobriety checkpoint. When Flemons came to the checkpoint, one of the officers came up to the car and asked Flemons for his driver's license. Flemons stated that he did not have it with him, and the officer instructed Flemons to move to the right shoulder. Flemons pulled the car over, but as the officer approached it, he sped off. These facts are sufficient to establish that Flemons knew that his immediate arrest or detention was being attempted by a duly authorized law-enforcement officer, and a challenge to

the sufficiency of the evidence on the basis raised in the motion for directed
verdict would have failed if raised on appeal.

*Flemons v. State*, 2016 Ark. 460, *16-17, 505 S.W.3d 196, 208 (internal citations omitted).

This Court finds that the Arkansas Supreme Court properly applied *Strickland*. A
state appellate court's conclusion that the evidence was sufficient to support a criminal
conviction is entitled to great deference by a federal court. *Jackson v. Virginia*, 443 U.S.
307, 323 (1979). "[W]hether the record contains sufficient evidence to establish each
element of the crime beyond a reasonable doubt "is everyday business for the state courts,
grist for their mill, and it will be a rare case in which a federal court on habeas will disagree
with them.'" *Cassell v. Lockhart*, 886 F.2d 178, 179 (8th Cir. 1989) (quoting *Moeller v.
Attorney Gen. of South Dakota*, 838 F.2d 309, 310 (8th Cir. 1988)).

The state appellate court's determination that there was sufficient evidence to
convict Petitioner is supported by the record and entitled to deference. Therefore, it cannot
be said the state court's determination was contrary to, or involved an unreasonable
application of, clearly established federal law. Nor has Petitioner shown that the court's
determination resulted in a decision that was an unreasonable determination of the facts
considering the evidence presented in the stat court proceedings.

B. *Counsel was ineffective for failing to investigate his mental and emotional
competency*

Petitioner claims counsel was ineffective for failing to investigate his mental and
emotional competency. This claim was raised in the Rule 37 petition, but the Arkansas
Supreme Court did not address it, stating:

> Flemons next asserts that counsel was ineffective for failing to investigate his mental state as a defense to the charges. On appeal, Flemons contends that counsel should have discovered a determination by an administrative law judge that Flemons was disabled and had been diagnosed with impulse-control disorder.  We need not address this issue.

*Flemons*, 2016 Ark. 460 at *13-14, 505 S.W.3d at 207.  Because Petitioner did not seek to amend his petition to include the issue and because he did not obtain a ruling on the issue, the Arkansas Supreme Court declined to consider it on appeal.  *Id.*  Petitioner's claim is procedurally defaulted, and because he cannot show that the claim is a substantial one, *Martinez* does not excuse the default.

C.  *Counsel was ineffective for failing to present mitigating evidence at sentencing*

Petitioner takes issue with the fact that defense counsel did not present testimony from his mother or his counselors and psychiatrist regarding his past and current mental state.  (DE #2, pg. 62) In his petition, he refers the Court to claim six for supporting argument and facts, that in summary, relate to his claimed mental and physical disabilities and social security benefits.  In addressing on appeal from the denial of Rule 37 relief on the claim counsel was ineffective for failure to investigate and present mitigation evidence for sentencing, the Arkansas Supreme Court stated as follows:

> Flemons does not now dispute that counsel made an investigation of possible mitigating evidence or that counsel was aware of his diagnosis with an impulse-control disorder.  Instead, he contends that counsel's strategic decision not to further investigate this evidence and call the doctor who diagnosed him was unreasonable. Trial counsel testified that, in her professional experience, the twelve previous felony convictions that Flemons had at the time of his trial would have outweighed any mitigating evidence that may have been available. Specifically, she noted that evidence concerning Flemons's diagnosis was not likely, in her professional opinion, to have been beneficial in this case and may instead have been damaging. We cannot say that the trial court was clearly erroneous in finding that

counsel's decision fell within the wide range of reasonable professional assistance.

*Flemons*, 2016 Ark. 460 at *15-16, 505 S.W.3d at 208.   This ruling by the Arkansas Supreme Court is not unreasonable and is entitled to deference.

D. *Cumulative error*

In Petitioner's last claim for relief, he argues that he is entitled to habeas relief due to the cumulative effect of his claims of ineffective assistance of counsel.   On appeal, the Arkansas Supreme Court rejected this argument stating:

> It is reversible error for the trial court to consider cumulative error in its analysis of claims of ineffective assistance of counsel under the *Strickland* test. A party asking this court to overrule a prior decision such as this has the burden of showing that our refusal to overrule the prior decision would result in injustice or great injury. Although Flemons contends that we have misinterpreted *Strickland*, he develops no argument in that regard. . .. we decline to overrule our previous decisions on this issue for that reason.

*Flemons,* 2016 Ark. 460 at 17, 505 S.W.3d at 208-209.   The Eighth Circuit has held that cumulative error is not grounds for habeas relief.   See *Middleton v. Roper*, 455 F.3d 838, 851 (8th Cir. 2006).   Petitioner's final claim, therefore, should be dismissed with prejudice.

<u>Certificate of Appealability</u>

When entering a final order adverse to the Petitioner, the Court must issue or deny a certificate of appealability.   Rule 11 of the Rules Governing Section 2254 Cases in the United States District Court.   The Court can issue a certificate of appealability only if Petitioner has made a substantial showing that he was denied a constitutional right.   28 U.S.C. § 2253(c)(1)-(2).   In this case, Petitioner has not provided a basis for issuing a certificate of appealability.

<u>Conclusion</u>

Based on the foregoing, it is recommended that the instant habeas petition (DE #2) be denied and dismissed with prejudice and that a certificate of appealability be denied.

SO ORDERED this 28th day of December, 2018.

_____
UNITED STATES MAGISTRATE JUDGE